Mary Norman
et al.
vs.                    } Eq. No. 10470.
Villa A. Nichol
et al.

November 10, 1931.

BLODGETT, P. J. Heard upon bill and answer.

Bill to set aside the sale of a rooming-house in Providence and praying for the cancellation of a certain mortgage and mortgage notes.

Complainants claim they were induced to purchase the good-will and furniture and personal property of a certain rooming-house by false representations, said rooming-house being situated at 574 Westminster Street in Providence.

The sale was made in September, 1930, as evidenced by a bill of sale containing an inventory of the articles sold, and the price of $3,500 agreed upon. A certain amount was paid in cash and for the balance complainants executed a personal property mortgage and a series of notes secured by the same. Complainants took possession and, on October 15, 1930, filed the bill in question. The sale was negotiated through a real estate agent named Smith.

Before reaching an agreement, complainants examined the premises, room by room, and the furniture and contents thereof. The misrepresentations claimed by complainants were as to the rent the respondents were receiving for certain rooms, and the number of rooms, and the number of rooms that were occupied by lodgers.

Two memorandums were introduced, one marked "Complt's Ex. 1," the other marked "First Card." These cards represented memoranda made by Smith during the negotiations as to the number of rooms and the rental thereof, one being given to complainants and the other retained by Smith. There was also an item entered upon these cards as to the monthly expenses for rent to owners of premises, heat, &c. The cards differ somewhat but not materially.

The main cause of complaint on the part of complainants was that the rooms were not filled by lodgers as expected and that they had been deceived by respondents in this respect.

The testimony showed that complainants took possession and made no complaints to respondents until about the time of the filing of this bill of complaint, and that they made a careful examination of the premises before the agreement was reached, and interviewed many of the lodgers.

It is difficult to see how the respondents could make any forecast as to the number of lodgers.

The Court is of the opinion that respondents made no false representations, knowing same to be false, and that complainants have failed to establish the burden of proof required.

The bill is dismissed.

For complainant: William H. McSoley.

For respondent: George Friedman.